# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Janney et al.

v.

Rappahannock Area Community
Services Board et al.

December 28, 1988

Case No. CH88-92

By JUDGE WILLIAM H. LEDBETTER, JR.

In this suit for declaratory and injunctive relief, the plaintiffs complain about the proposed use of property located on Liberty Street in the City of Fredericksburg as a residence for mentally disabled persons. The plaintiffs request the court to enjoin financing of the project by VHDA because, they allege, VHDA did not conduct the investigations which are prerequisite to granting a mortgage loan under Virginia Code § 36-55.31(10). Further, the plaintiffs seek an injunction against the proposed use of the property on the grounds that such use would violate the City zoning laws; that the use would be "discriminatory"; and that the property is not "well-planned, well-designed safe and sanitary housing."

According to the pleadings, the parties line up in the following manner. The plaintiffs own real estate in the vicinity of the proposed home. The defendant, Rappahannock Community Services Board, apparently is sponsoring the home. The defendant, Rappahannock Community Services, Inc. (RCS), a subsidiary of the Board, owns or is in the process of acquiring the property. Defendants Phillips and Sanford own or once owned the property. The defendant, VHDA, a state agency, has committed to finance the project.

RCS was not a party defendant in the initial pleading, but it was made a party defendant by order dated October 14, 1988, and has since filed an answer.

VHDA initially filed a demurrer on the ground that it had not approved the loan. After the loan was approved and a commitment issued, VHDA filed an answer.

Phillips and Sanford filed a responsive pleading denying that they own the property. Subsequently, they filed a motion for summary judgment.

The Board and RCS filed answers and later filed a joint motion for summary judgment.

The motions for summary judgment were heard on December 15, 1988. This opinion addresses those motions.

### Nature of Summary Judgment

In Virginia, summary judgment may be granted if it appears from the pleadings, admissions of the parties, and the evidence that there is no material fact genuinely in dispute. Rule 2:21. The purpose of summary judgment is to bring a case to an early end when it clearly appears that one of the parties is entitled to judgment as a matter of law, and no evidence could effect the result. In this case, no evidence has been taken and no admissions have been made. Thus, the motion must be considered upon the pleadings.

### Zoning Violations

Paragraphs 14 and 15 of the plaintiffs' bill allege that the proposed use violates certain provisions of the City zoning ordinance. In their motion for summary judgment, the Board and RCS claim that City officials have already determined that the proposed home is a permitted use. To the motion, they attach copies of a certificate of occupancy, a resolution of City Council, a letter from the planning director, and a "certificate of approval" to VHDA signed by the Mayor.

As much as this procedure may commend itself to the expeditious disposition of litigation, it is clear that in Virginia summary judgment is *not* available on the basis of ex parte affidavits, appendices to motions and memoranda, and the like. Therefore, assuming without deciding that

these attachments are "official rulings of the City of Fredericksburg," they cannot be considered at this stage of the proceedings in the manner presented.

As a corollary, the motion contends that the plaintiffs have other, adequate remedies with respect to the alleged zoning violations. Whether this is true is a question of fact which cannot be determined from the pleadings. Admittedly, it is difficult to understand how the court can grant the relief sought by the plaintiffs with regard to the alleged zoning violations if the plaintiffs have not exhausted their administrative remedies or have failed to follow the review procedures provided by law, but the court cannot dispose of these claims on motion for summary judgment, given the posture of this case.

### Discrimination

In paragraph 15 of the bill, the plaintiffs allege that the proposed use is "discriminatory." How is it discriminatory? Discriminatory against whom? In the context of this suit, the allegation is conclusory and of questionable meaning. Nevertheless, a motion for summary judgment is not a substitute for a demurrer or a motion for bill of particulars. A successful demurrer, at least in most instances, permits an amendment to the deficient pleading; on the other hand, summary judgment is final and dispositive. A party cannot respond to an affirmative pleading and then, before discovery evokes any fatal admissions and before any evidence is taken, complain by way of motion for summary judgment that the pleading does not set forth sufficient facts upon which relief can be granted.

### Safe and Sanitary Housing

Whether the appropriate findings have been made regarding "safe and sanitary housing" is a question of fact. The plaintiffs allege that such findings have not and cannot be made. The Board and RCS assert that such findings have been made. Again, they attach copies of documents to their motion for summary judgment to support their contention. For the reason explained above, the court cannot consider these attachments in support of the motion. They are not pleadings, admissions or evidence.

This is not to say that such findings have not been made. Nor is it to say that, if made, the findings are subject to judicial review. These questions must be addressed in proper fashion.

### VHDA Approval

The plaintiffs contend that VHDA has committed to finance the project without making the investigations and findings required by § 36-55.31(10) and § 36-55.39A. The Board and RCS take the position that since VHDA has approved the loan, "the findings required . . . must have been made, because those findings are prerequisites to VHDA's power to make the subject loan." According to this argument, a court could never review the decision of a state agency or official on the ground that statutorily-mandated findings were not made, because the fat that the decision was made establishes conclusively that the requisite findings must have preceded the decision. The position is untenable.

Next, the Board and RCS contend that the court cannot entertain a claim that the mandated findings were not made because to do so would "usurp the legislative function of VHDA" and violate the separation of powers clause of the Virginia Constitution. The court disagrees with the assertion that VHDA's loan approval process is a "legislative function." Instead, it is more appropriately characterized as a decision within the province of the executive department. Nevertheless, the court acknowledges that it is prohibited by the separation of powers doctrine from substituting its judgment for that of the VHDA board of commissioners or its authorized officials. This court does not intend to invade the executive department to correct alleged mistakes arising out of matters of discretion or judgment. On the other hand, the court rejects the argument that the judiciary is without authority to determine, in an appropriate case, whether required findings were made *at all*. The plaintiffs' bill alleges that none of the statutorily-mandated investigations were undertaken and that none of the statutorily-mandated findings were made. If this is true, the agency has violated its legislative mandate and its decision cannot stand. At this stage of the case, the court cannot summarily decide that issue.

*Phillips and Sanford*

The defendants Phillips and Sanford move the court for summary judgment on the ground that they have transferred title to the Liberty Street property to RCS and have no further interest in this litigation. If their assertion is true, the court would agree that they should be dismissed as parties. However, mere declaration in a motion for summary judgment does not make the issue undisputed. Although it appears that the fact of the conveyance can be readily established, so that these defendants can be dismissed as parties, such relief cannot be granted upon the defendants' motion for summary judgment, without more.

*Conclusion*

For the foregoing reasons, the motions for summary judgment must be denied.